# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 17-0677** (Preston County 13-F-65)

**Stephen H.,**
**Defendant Below, Petitioner**

**FILED**

**June 15, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Stephen H., pro se, appeals the Circuit Court of Preston County's July 7, 2017, order denying his motion to resentence for the purpose of appeal. The State, by counsel Scott E. Johnson, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in denying his motion to resentence for the purpose of appeal when he was not advised of the dangers of proceeding pro se with his direct appeal.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2013, petitioner was indicted on thirteen counts: two counts of sexual abuse by a parent, custodian, or person in a position of trust; one count of use of obscene matter with intent to seduce a minor; and ten counts of soliciting a minor via computer.

The matter proceeded to trial in January of 2015. Petitioner was represented by counsel throughout the proceedings. The jury returned a verdict in which it found petitioner guilty of one count of sexual abuse by a parent, custodian, or person in a position of trust; ten counts of soliciting a minor via computer; and one count of use of obscene matter with intent to seduce a minor. In May of 2015, the circuit court sentenced petitioner to an effective sentence of four to twenty years of incarceration, with five years of probation and ten years of extended supervised release. Petitioner, pro se, appealed his conviction in June of 2015. This Court affirmed the circuit court's order in June of 2016. *See State v. Stephen H.*, No. 15-0801, 2016 WL 3165791 (W.Va. June 6, 2016)(memorandum decision). Subsequent to petitioner's direct appeal, he filed a Rule 35(b) Motion for Reduction of Sentence, which the circuit court granted in October of 2016, reducing his sentence to two to ten years of incarceration with five years of probation and ten years of extended supervised release.

1

In May of 2017, petitioner filed a motion to resentence for purpose of appeal and argued that he should be resentenced for the purpose of "regaining his right of direct appeal under Rule 5 of the West Virginia Rules of Appellate Procedure." Specifically, petitioner argued that he never knowingly and intentionally waived his right to counsel in his direct appeal because he was not informed of the dangers and disadvantages of filing a direct appeal pro se. The circuit court denied petitioner's motion, finding that: (1) petitioner was never denied his right to assistance of counsel because he never requested that he be appointed counsel, (2) petitioner was represented by counsel throughout his trial proceedings, (3) petitioner had the right to proceed pro se,[1] and (4) petitioner was not entitled to a second chance at a direct appeal as he provided no legal authority supporting such an argument. Moreover, the circuit court noted that petitioner was provided a notice of appellate rights and had the notice read to him in open court.[2] The circuit court concluded that petitioner was provided with notice that, if he were unable to pay for an attorney, one would be appointed to represent him upon his written request. The circuit court noted that petitioner did not file a written request and proceeded to file his direct appeal, which was addressed by this Court. It is from the July 7, 2017, order denying his motion for resentencing that petitioner appeals.

---

[1]*See* Syl. Pt. 2, *Rhodes v. Leverette*, 160 W.Va. 781, 239 S.E.2d 136 (1977)("An indigent criminal defendant who desires to appeal his conviction has a right, under Article III, Sections 10 and 17 of the West Virginia Constitution, to the effective assistance of court-appointed counsel on his appeal."); Syl. Pt. 7, *State v. Sheppard*, 172 W.Va. 656, 310 S.E.2d 173 (1983)("The right of self-representation is a correlative of the right to assistance of counsel guaranteed by article III, section 14 of the West Virginia Constitution.").

[2]The notice of appellate rights provided, in part, as follows:

Pursuant to Rule 5 of the West Virginia Rules of Appellate Procedure, you have the right to appeal your conviction and/or sentence to the West Virginia Supreme Court of Appeals in Charleston, West Virginia.

To appeal, you must file your notice of appeal as required under Rule 5 of the West Virginia Rules of Appellate Procedure, in writing, with the Clerk of the West Virginia Supreme Court of Appeals in Charleston, West Virginia, within thirty (30) days from the date of the entry of this [c]ourt's final sentencing order.

Thereafter, you must perfect your appeal within four (4) months of the date of entry of this [c]ourt's final sentencing order in accordance with Rule 5 of the West Virginia Rules of Appellate Procedure.

If you cannot afford to pay for transcripts of the proceedings in your case or employ a lawyer to prosecute your appeal, both will be provided to you, at no expense, upon proper written request. If you cannot afford to pay the costs of an appeal, you may apply for leave to appeal *in forma pauperis*.

We have previously established the following standard of review:

> "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Com'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syllabus, *State v. Maisey*, 215 W.Va. 582, 600 S.E.2d 294 (2004).

On appeal, petitioner argues that the circuit court erred in denying his motion to resentence for the purpose of appeal when he was not advised of the dangers of proceeding pro se with his direct appeal. We find petitioner's argument to be without merit. In his brief on appeal, petitioner fails to cite to any authority demonstrating that the circuit court abused its discretion in denying his motion to resentence for the purpose of appeal. Moreover, any argument petitioner sets forth regarding any perceived deficiency in the circuit court's notice of appellate rights provided to him in May of 2015 will not be addressed as his time to raise that issue on appeal has long since passed. Accordingly, we find that petitioner is entitled to no relief in this regard.

For the foregoing reasons, the circuit court's July 7, 2017, order denying petitioner's motion to resentence for the purpose of appeal is hereby affirmed.

Affirmed.

**ISSUED**:  June 15, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Elizabeth D. Walker

Justice Allen H. Loughry II, suspended and therefore not participating